## GEORGE E. OPDYCKE v. THE EASTON AND AMBOY RAILROAD COMPANY.

Argued February 25, 1902—Decided June 9, 1902.

1.  The owner of a way is under no obligation to keep it in proper repair for the benefit of a mere licensee.
2.  In an action of tort, although it is not necessary to set out in the declaration the precise day upon which the wrongful act was done, it is, nevertheless, necessary to lay some day, and the day specified must be one which precedes the commencement of the suit.

---

On demurrer to first, second, third, fourth and fifth counts of declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Edward P. Conkling.*

For the demurrants, *Corbin & Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The first count of the declaration sets out that the defendants gave to the plaintiff a right of way over their bridge, so that he might go from lands belonging to him which lay at one end of the bridge to other lands belonging to him which lay at the other end of it. There is no allegation in the declaration from which it can be gathered that the right of way claimed by the plaintiff was granted to him by a deed or other writing, or was irrevocable by the donor. The most that can be presumed against the defendants therefore, from the statement of the pleader, is that the right of the plaintiff to cross the defendants' bridge was that of a licensee, and that this right was terminable at any time at the option of the defendants.

The injury complained of is that the defendants permitted the bridge to fall out of repair to such an extent that it became unsafe for the plaintiff to use it, and that they refused to repair it, although frequently requested by plaintiff to do so.

The defendants were under no obligation to keep the bridge in repair for the benefit of a mere licensee, and their failure to do so created no right of action against them in favor of the plaintiff.

The other counts of the declaration are each of them defective, because they, neither of them, lay a day when the wrongful act complained of was done. Although the precise day is not material, yet it is necessary to lay *some* day, and the day specified must be one which precedes the commencement of the suit. The rules of pleading require that each count shall disclose, upon its face, a distinct right of action, and the statement that the right of action accrued "on the day aforesaid," the reference being to a day set out in a preceding count, when a number of different days are referred to therein, is insufficient.

Other grounds of demurrer to the second, third, fourth and fifth counts have been specified by the defendants, but as those counts are each defective for the reason just pointed out, it is unnecessary to consider other specifications.

The defendants are entitled to judgment on the demurrer.